IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1911.

---

### JOHN C. GERISCH v. RUDOLPH HEROLD.

Submitted March 23, 1911—Decided June 15, 1911.

In an action brought by the builder against the owner upon a contract which provides that the architect shall be the arbitrator between the parties upon the question whether the builder has performed his contract in accordance with its terms, the certificate of the architect that the builder has so performed is final and conclusive, in the absence of fraud or mistake; and if the owner seeks to overcome the probative force of such a certificate the burden is upon him to show either fraud or mistake on the part of the architect in giving it.

---

On error to Bergen Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the plaintiff in error, *Weller & Lichtenstein*.

For the defendant in error, *J. Emil Walscheid*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action upon a building contract, the suit being brought to recover the final payment alleged to be due thereon.

The first assignment of error argued before us attacks the ruling of the trial court, excluding testimony going to show that one Turck, who was the architect named in the contract, had been discharged by the defendant during the progress of the construction of the building. We think this ruling was right. The contract was under seal; the plaintiff in his declaration averred, generally, the performance of conditions. The defendant, in his pleas, did not allege the discharge of Turck, but, on the contrary, set up as a defence that no certificate had been received by the plaintiff from Turck as architect, in accordance with the requirement of the provisions of the contract. Under the issues raised by the pleadings the question of the discharge of Turck by the defendant during the progress of the construction of the building was immaterial.

The next assignment of error is directed at the following instruction contained in the charge to the jury: "The burden of proof is on the plaintiff in the first instance to prove his contract, to prove that he has complied with it by the production of the architect's certificate, or prove that he has not received payment and that payment has not been made. The plaintiff met that rule of law and supplied those formal proofs which go to make up the burden of proof, and to constitute a *prima facie* case. Then the defendant comes forward and says that the work was not done according to the plans and specifications, and the burden of proof rests upon the defendant to satisfy your minds that what he says is true. If the evidence of the defendant does not satisfy your minds on these points, then, of course, you will disregard it." It is contended that the latter part of this instruction was erroneous, because it disregarded the general rule of evidence that he who has the affirmative of an issue has the burden of proof, which burden never shifts. We think the rule appealed to is not applicable in the present case. By the provisions of the contract the

architect is made the arbitrator between the parties upon the question whether the plaintiff has performed the contract in accordance with its terms; and his certificate of that fact is final and conclusive in the absence of fraud or mistake. Having agreed to be bound by the certificate of the architect, the defendant could only get rid of its probative force by showing facts which would justify the conclusion of fraud on the part of the architect or of mistake made by him with relation to the matters certified. The burden of showing either of these situations rested upon the defendant.

It is further contended, on behalf of the defendant, that there was error in the following instruction to the jury: "In the absence of fraud, or palpable mistake on the part of the architect in giving the certificate required by the contract, such certificate is conclusive upon the owner and binds him." This instruction conforms to the decision of this court in the case of *Chism* v. *Schipper*, 22 *Vroom* 1, 17, and correctly stated the law upon the subject referred to.

The judgment under review will be affirmed.